```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

|                              |   |              |
|------------------------------|---|--------------|
| Felicia Ervin                | ) |              |
|                              | ) |              |
|    Plaintiff, | ) |              |
|                              | ) |              |
| v.                           | ) | No. 17 C 5492 |
|                              | ) |              |
| Travelers Personal Insurance | ) |              |
| Company,                     | ) |              |
|                              | ) |              |
|    Defendant. | ) |              |

## MEMORANDUM OPINION AND ORDER

In this insurance dispute, Felicia Ervin sues her property insurance carrier for its refusal to cover her losses arising out of a fire in a building she owns. Plaintiff alleges that defendant issued her a policy effective November 18, 2016, through November 17, 2017, and that on or around December 22, 2016,[1] the insured premises were damaged by fire. Plaintiff submitted a claim to defendant for her losses, but defendant denied coverage. Her complaint asserts breach of contract and seeks relief under Section 155 of the Illinois Insurance Code based on defendant's allegedly vexatious and unreasonable conduct in denying coverage.

---

[1] The operative complaint alleges that the fire occurred on or about December 22, *2017*, but defendant's answer corrects what I assume was a typographical error in the year. Plaintiff's motion for judgment on the pleadings states that the fire occurred on December 20, 2016.

Defendant's amended answer asserts seven affirmative defenses. The third of these states that coverage for plaintiff's losses is excluded by a policy provision the parties refer to as the "vandalism and malicious mischief" exclusion. The exclusion provides that defendant does not insure for loss caused by:

> Vandalism and malicious mischief, and any ensuing loss caused by any intentional and wrongful act committed in the course of the vandalism or malicious mischief, if the dwelling has been vacant for more than 30 consecutive days immediately before the loss.

In support of this affirmative defense, defendant alleges that the insured premises had been vacant for over two years at the time of the fire, and that "[i]f plaintiff was not involved in the fire in any way,"[2] then the fire was an intentional and wrongful act committed by a third party in the course of vandalism or malicious mischief.

Plaintiff has moved for partial judgment on the pleadings, asking me to dispose of this affirmative defense as a matter of law. For purposes of her motion, she does not dispute that the insured premises were vacant for two years before the loss or that the fire resulted from the intentional wrongful or malicious acts of a third party. Nor does she dispute that on these facts, her claim falls within the scope of the vandalism exclusion as it is

---

[2] In a separate affirmative defense, defendant asserts that coverage is excluded by a policy exclusion for intentional loss, which applies when the claimed loss arises out of an act an "insured" commits or conspires to commit with the intent to cause a loss.

2

written. She argues, however, that the exclusion cannot be enforced as written because it impermissibly provides less coverage than is required by the Illinois Standard Fire Policy. For the reasons explained below, I agree and grant her motion.

I.

A motion for judgment on the pleadings is subject to the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Accordingly, it may be granted when the factual allegations in the pleading, accepted as true, raise a facially plausible claim, or, in this case, affirmative defense. *See id*. Because my jurisdiction is based on diversity of citizenship, I apply Illinois substantive law. *Id*. If the Illinois Supreme Court has not decided an issue before me, I must give "great weight" to relevant decisions of the Illinois Appellate Court, absent some indication that the state's highest court would decide the issue otherwise. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007).

All fire insurance policies written in Illinois must conform to the requirements of the Standard Policy. *Lundquist v. Allstate Ins. Co.*, 732 N.E. 2d 627, 629 (Ill. App. Ct. 2000) (citing 50 Ill. Adm. Code § 2301.100). This means that "insurance policies may not provide less coverage than that set forth in the Standard Policy." *Id*. "In essence, the Standard Policy sets forth the

minimum coverage upon which an insured can rely under any fire insurance policy issued in Illinois." *FBS Mortg. Corp. v. State Farm Fire and Cas. Co. of Bloomington, Ill.*, 833 F. Supp. 688, 695 (N.D. Ill. 1003). "[I]n the event of a conflict between an insurer's policy and the Standard Fire Policy, the latter controls." *Streit v. Metropolitan Casualty Insurance Company*, 863 F.3d 770, 773 (7th Cir. 2017).

## II.

Plaintiff argues that application of the vandalism exclusion to deny her fire loss conflicts with the vacancy provision of the Standard Policy. She points to the Standard Policy's suspension of coverage for losses occurring "while a described building...is vacant or unoccupied beyond a period of sixty consecutive days." As plaintiff observes, Illinois courts have interpreted this provision as establishing a prospective, 60-day vacancy period that begins to run at the policy's inception, regardless of how long the premises were actually vacant, citing *Kolivera v. Hartford Fire Ins. Co.*, 290 N.E. 2d 356, 360 (Ill. App. Ct. 1972). *See also West Bend Mut. Ins. Co. v. New Packing Co., Inc.*, 2012 WL 6962117, at *3 (Ill. App. Ct. 2012).

In *Kolivera*, the Illinois Appellate Court examined a provision that, like the Standard Policy, suspended coverage while the premises were "vacant or unoccupied beyond a period of sixty consecutive days." 290 N.E. 2d at 359. At the time of the loss,

4

several of the policies under which the insured sought coverage had been in effect for less than sixty days, although the premises had been vacant (the court assumed for purposes of analysis), for more than sixty days. The court held that "regardless of the actual vacant or unoccupied status of the building, the 60-day vacancy clause contained in those policies...must be measured from the date of issuance." *Id*. 290 The court agreed with the view expressed in *Old Colony Ins. Co. v. Garvey*, 253 F.2d 299 (4th Cir. 1958), that "absent specific language including such, a previous condition of vacancy or unoccupancy of premises is to be disregarded upon the issuance of a policy of insurance containing a vacancy clause, and that such clause is to be measured from the time of issuance of the policy." *Id*. Further supporting its conclusion, the court observed that the insurers "had a reasonable opportunity to inspect the property to determine whether it conformed to all requirements of a policy prior to the issuance of coverage," and thus "should not be heard later to claim a violation of a vacancy provision which they took no steps to discover." *Id*. at 361.

In plaintiff's view, *Kolivera* reflects the Illinois Appellate Court's determination that that the vacancy provisions in the Standard Policy do not exclude losses occurring within sixty days of the inception of coverage, regardless of how long the premises may have been vacant prior to the policy's inception. Accordingly,

5

she reasons, any policy whose vacancy provisions are applied to exclude coverage for fire losses within sixty days of policy inception provides less coverage than the Standard Policy.

Defendant, unsurprisingly, views matters differently. Without conceding that the vacancy period in its policy conflicts with the Standard Policy, defendant argues that any conflict could be resolved by expanding the 30-day vacancy period in its policy to sixty days. Amended in this fashion, the exclusion would apply to losses caused by "[v]andalism and malicious mischief...if the dwelling has been vacant *for more than 60 consecutive days immediately before the loss*." Because plaintiff's loss would be excluded even under this amended version of the provision, defendant argues, she is not entitled to judgment in her favor.

Moreover, defendant points out, the vandalism exclusion establishes a *retrospective* vacancy period, not a *prospective* vacancy period like the one at issue in *Kolivera* and in the Standard Policy. Defendant invokes hypothetical scenarios to illustrate that in some circumstances, a fire loss would be excluded under the Standard Policy but not excluded by the vandalism exclusion. Because defendant's policy would, in those circumstances, provide *greater* coverage than the Standard Policy, it is not unenforceable for providing *less* coverage than the Standard Policy requires. In defendant's view then, only provisions that are facially irreconcilable with the Standard

Policy-i.e., whose application would, in all circumstances, provide less coverage than the Standard Policy—impermissibly "conflict" with the Standard Policy, regardless of how any particular claim would fare under the respective policies.

Defendant's view reflects a fundamental misunderstanding of the role the Standard Policy plays in Illinois insurance law, which is to provide "a minimum threshold for what fire-insurance policies must cover." *Streit*, 863 F.3d at 771. Indeed, because the Standard Policy "sets forth the minimum coverage *upon which an insured can rely*," (emphasis added) the fact that a policy might cover some hypothetical losses that would be excluded by the Standard Policy is beside the point. Insurers are free to provide broader coverage than the Standard Policy requires; what they may not do is provide less coverage for fire loss. *FBS Mortg.*, 833 F. Supp. at 696. Equally misguided is defendant's effort to distinguish *Kolivera* on the ground that it construed a prospective vacancy period, rather than a retrospective period like the one at issue in this case. The dispute here is not over how to construe the vacancy period in the vandalism exclusion; the issue is whether that exclusion can be enforced to deny plaintiff's claim, even if her claim would be covered under the Standard Policy. Plaintiff's authorities indicate that the answer to that question is "no."

Defendant's attack on *Kolivera* as poorly reasoned does not persuade me otherwise. Defendant criticizes both *Kolivera* and *New Packing* to the extent these cases declined to enforce vacancy exclusions where the insurer made no effort to discover whether the insured premises were vacant prior to issuing the policy. In defendant's view, these holdings contravene "the well-established rules of contract/statutory interpretation mandated by the Illinois Supreme Court." Resp. at 10. But defendant offers no authority to suggest that the Illinois Supreme Court would reject the conclusion the Illinois Appellate Court reached in these cases. Moreover, as noted above, the dispositive issue does not turn on a matter of contract interpretation but rather on the primacy of the Standard Policy under Illinois insurance law.

### III.

Because I conclude, on the facts alleged here, that Illinois courts would not permit defendant to exclude coverage for plaintiff's losses based on the vandalism exclusion, I grant her motion for judgment on the pleadings.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: April 4, 2018

8